# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Christopher Roller,**

    Plaintiff,

v.

**Central Intelligence Agency,**

    Defendant.

**Civil No. 07-1298 (JNE/JJG)**

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter comes before the undersigned on a motion, by defendant Central Intelligence Agency (the CIA), to dismiss (Doc. No. 5). Plaintiff Christopher Roller is proceeding pro se. Patricia R. Cangemi, Assistant U.S. Attorney, is representing the CIA. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Mr. Roller (Roller) filed his initial complaint in this litigation on February 23, 2007. In the complaint, Roller asserts claims for conspiracy, citing 18 U.S.C. § 241 and 42 U.S.C. § 1985. The complaint also alludes to a tort claim and to a patent claim. But it lacks any allegations that substantiate Roller's claims, except to say that the CIA is conspiring to ruin his life. Roller filed an amended complaint on March 29, 2007, which purports to supersede the original complaint. It presents some allegations of fraud and patent infringement. The allegations in this complaint are essentially unintelligible and it is difficult to frame the substance of Roller's claims.

The CIA moved to dismiss on April 30, 2007. It requests dismissal for lack of subject matter jurisdiction under Rule 12(b)(1); for lack of personal jurisdiction under Rule 12(b)(2); and for failure to state a claim under Rule 12(b)(6).

Invoking sovereign immunity, the CIA initially argues lack of subject matter jurisdiction. From its memorandum, however, it appears the CIA is chiefly arguing that Roller has failed to state a claim. On the conspiracy claims, the CIA contends that Roller has not alleged a particular tort or right at issue. Although Roller only tangentially mentions the tort claim, the CIA frames it as a claim under the Federal Tort Claims Act (FTCA), and then addresses it accordingly.

Because the CIA relies on sovereign immunity, this issue merits some comment. Unless expressly waived, sovereign immunity bars action against the United States. *In re Charges of Professional Misconduct*, 249 F.3d 821, 825 (8th Cir. 2001). And this immunity bars suit under § 1985 against federal agencies. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

Such an unequivocal result is not possible for Roller's remaining claims. Assuming that Roller has a claim under the FTCA, the existence of sovereign immunity depends on whether his injury is outside the scope of that statute. *See O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002). But the allegations in his complaints are so incomplete that informed analysis of this question is impossible. The same may be said of Roller's other claims. Where this Court is required to speculate about their substance, sovereign immunity cannot be meaningfully decided.

For these reasons, this Court declines the CIA's invitation to apply sovereign immunity. It is appropriate, instead, to reach other concerns about subject matter jurisdiction. A court may consider subject matter jurisdiction, on its own initiative, at any time. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005).

Where the merits of a claim are "wholly insubstantial and frivolous," such that there is no controversy to be decided by a federal court, that court has no subject matter jurisdiction over the claim. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 285 (1993); *Ali v. Ramsdell*, 423 F.3d 810, 813 (8th Cir. 2005). The current litigation is one of the rare circumstances where this rule is suitably applied.

In his complaints, Roller presents claims that are so nebulous as to be unintelligible. And the allegations in his complaints—which are rare, where not absent altogether—do not shed light on his claims. As the preceding analysis of sovereign immunity suggests, any informed analysis of his claims is essentially impossible. Roller's claims are wholly without merit and thus it is appropriate for this litigation to be dismissed in its entirety.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. All claims in this litigation be **DISMISSED WITHOUT PREJUDICE,** for lack of subject matter jurisdiction, and this litigation be closed and judgment entered.

2. All pending motions in this litigation (Doc. Nos. 5, 12, 15, 21) be **DENIED AS MOOT.**

Dated this 20th day of November, 2007.

                                                                             s/ Jeanne J. Graham
                                                                             JEANNE J. GRAHAM
                                                                             United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **December 5, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are

prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.